UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WAYNE FRY and CHARLOTTE ANN FRY,<br><br>        Plaintiffs,<br><br>v.<br><br>WACHOVIA MORTGAGE FSB, *et al.*,<br><br>        Defendants. | Civil No. 09cv2662 L(NLS)<br><br>**ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE** [doc. #26] |

### A. BACKGROUND

Plaintiffs' *pro se* complaint[1] lists causes of action for breach of contract; "consumer fraud act"; TILA; RESPA; conversion; intentional infliction of emotional distress; fraud; and California Commercial Code § 93101. The allegations are based upon a loan transaction that refinanced their house.

Because of plaintiffs' default on the loan, the property was sold at a nonjudicial foreclosure sale. Currently pending in the California Superior Court is an unlawful detainer action with respect to plaintiffs' property. Plaintiffs contend the unlawful detainer action in the state court was wrongfully instituted and as a result, this Court should enjoin the state court from removing plaintiffs from their foreclosed-upon property. The state court and the federal court

---

[1] This action was removed by defendants Wachovia Mortgage, FSB and Golden West Savings Association Service Company ("defendants").

cases are independent actions seeking different relief.  The federal action is based on alleged irregularities in the securing and servicing of the loan on the property; the state court action concerns the nonjudicial foreclosure of the property and an unlawful detainer.

The present motion for an order to show cause requests that this Court enjoin the unlawful detainer action which would allow plaintiffs to remain in the property notwithstanding the nonjudicial foreclosure sale that has occurred.  Defendants oppose the motion on the basis that plaintiffs have not demonstrated a right to an injunction; have failed to allege and make a tender of the outstanding indebtedness; and an injunction would violate the rights of a third-party without notice and an opportunity for hearing.

**B.    DISCUSSION**

### 1.    Legal Standard for an Injunction

The proper legal standard for preliminary injunctive relief requires a party to demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008).

Defendants argue that plaintiffs have failed to show any likelihood of success on the merits.  At this point the Court does not determine whether plaintiffs have stated claims under Federal Rule of Civil Procedure 12(b)(6)[2] but whether plaintiffs have demonstrated that they are likely to succeed on the merits of their claims.

A review of plaintiffs' complaint and their proposed amended complaint leaves the Court with the firm conviction that plaintiffs have little or no likelihood of success on the merits with respect to any of their allegations.  Plaintiffs' complaint is a jumble of miscellaneous and incongruous theories and arguments based on plaintiffs' beliefs that are not supported by facts or law.

Further, it is certainly not in the public interest to enjoin a state court foreclosure action

---

[2]    Currently pending before the Court are defendants' motion to dismiss plaintiffs' complaint under Rule 12(b)(6); plaintiffs' motion to remand and motion to amend the complaint.  These motions will be addressed in separate orders.

based on claims that are time-barred, incomprehensible and/or meritless.

**2.  Anti-Injunction Act**

The Court also concludes that the relief plaintiffs seek in their motion for an order to show cause violates the Anti-Injunction Act.

The Anti-Injunction action forbids a federal court from enjoining or staying state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The exceptions to the Anti-Injunction Act are narrowly construed and "doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). The exception does not apply unless injunctive relief is "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coastline R.R.*, 398 U.S. at 295.

Plaintiffs have not identified any exception to the Anti-Injunction Act that is applicable to this case.  There is no federal statute authorizing a district court to enjoin a state unlawful detainer action.  Additionally, there are no prior orders of this court that would be undermined by the unlawful detainer hearing.  Finally, an injunction against the unlawful detainer action is not necessary to aid this court's jurisdiction.  The Supreme Court has explained that this exception exists to protect a court's in rem jurisdiction. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 641 (1977) ("[T]he necessary in aid of exception to § 2283 may be fairly read as incorporating this historical in rem exception."). Here, the court does not have in rem jurisdiction over the real property at issue.

Accordingly, under the Anti-Injunction Act, the Court cannot enter the restraining order sought by plaintiffs.

**3.  *Younger* Abstention**

Plaintiffs' requested injunctive relief also is precluded by the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971). *Younger* abstention is proper where (1) there are ongoing state judicial proceedings, (2) that implicate important state interests, and (3)

there is an adequate opportunity in the state proceedings to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Confederated Salish v. Simonich*, 29 F.3d 1398, 1405 (9th Cir. 1994). The "policy objective behind *Younger* abstention is to avoid unnecessary conflict between state and federal governments." *United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001). *Younger* permits state courts to try state cases free from interference by federal courts and generally directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997), overruled on other grounds, *Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001).

Plaintiffs' requested injunctive relief would interfere with an underlying state court proceeding that implicates an important state interest – real property rights and obligations. The unlawful detainer action provides plaintiffs an adequate opportunity to address issues raised in their papers seeking injunctive relief. This Court therefore is not in a position to interfere with ongoing state court proceedings.

**C.  Conclusion**

Based on the foregoing, plaintiffs' motion for an order to show cause is **DENIED.**

**IT IS SO ORDERED.**

DATED: March 26, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL COUNSEL/PARTIES