UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WAYNE FRY and CHARLOTTE ANN FRY,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>WACHOVIA MORTGAGE FSB, *et al.*,<br><br>　　　　　Defendants. | Civil No. 09cv2662 L(NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS [doc. #6] AND DENYING MOTION TO AMEND THE COMPLAINT [doc. #27]** |

　　Defendants Wachovia Mortgage, FSB and Golden West Savings Association Services Company move to dismiss plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs, who are appearing *pro se*, failed to oppose the motion to dismiss and instead filed a motion to remand, which the Court denied, and a motion to amend the complaint. When an opposing party does not file papers in the manner required by Civil Local Rule 7.1(e.2), the Court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court." CIV. L.R. 7.1(f.3.c). Even when a motion is unopposed, the Court reviews the motion on the merits to determine if cause exists to grant the motion.

**1.　Legal Standard**

　　A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th

Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and matters of which the Court takes judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998).

A pro se plaintiff's pleadings are read liberally. *Hebbe v. Pliler,* 2010 WL 2947323 *3 (9th Cir. July 29, 2010)

**2.     Background**

In November 2005, plaintiffs refinanced their home in Oceanside, California, with Wachovia Mortgage, FSB. The mortgage loan was secured against their real property. Because of plaintiffs' default on the loan, the property ultimately was sold at a nonjudicial foreclosure sale.

Plaintiffs' complaint lists the following causes of action: breach of contract; violation of California Consumer Fraud Act; TILA; HOEPA; RESPA; conversion; infliction of emotional distress; fraud – misrepresentation and conspiracy; and violation of the Uniform Commercial Code as defined in 9-3101 *et seq*. and California Recording Statutes.

**3.     Discussion**

    **A.     General Considerations Concerning the Complaint**

As noted, plaintiffs' complaint lists a variety of causes of action. In addition, plaintiffs provide a list of ten allegations that appear to be a summary of the acts plaintiffs contend were wrongfully committed by defendants. (Complaint at 2.) Also, plaintiffs provide a "statement of facts." Even liberally construing plaintiffs' pleading and considering it as a whole, the complaint is a jumble of unclear and odd assertions that appears, at best, based on a fundamental misunderstanding of the legal system in this country and the mortgage lending process and specifically, the nature and function of a promissory note and a borrowers' inability to unilaterally alter the terms and conditions of that note.

Plaintiffs' chief assertion appears to be that defendants failed to respond to correspondence they sent concerning what plaintiffs believed to be "fraudulent lender activity" on the part of Wachovia Mortgage. According to plaintiffs, Wachovia did "not loan[] Plaintiffs anything," and that Wachovia "sold the mortgage note, to savvy investors, in a bundle of Asset-Backed securities" which resulted in Wachovia being "already . . . 'paid in full' on the alleged note." (Complaint at 3.)

The Complaint lists the many letters and other documents plaintiffs sent to Wachovia that purport to be settlement offers, based on plaintiffs' belief that Wachovia acted fraudulently and had no foreclosure rights on the property, and plaintiffs' demand that defendants return all moneys plaintiffs paid along with clear title to the property. (*See* Complaint, Exh. A.)  Included in the exhibits plaintiffs attach to their complaint are a "Silver Guarantor Bond" and a "Claim of Conusance in tentere placita in admiralty and on Land." It is unclear what these documents are intended to represent legally. Plaintiffs also provide a "Release of Lien of Real Property" that states that it concerns "the performance of U.S. Government Contract Number 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 &

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." (Notice of Removal at 31.) There is no suggestion in the complaint that this dispute concerns a government contract. In yet another document, plaintiff asserts: <u>Be it further known</u>, GRANTOR/TURSTOR: RICHARD WAYNE FRY does hereby declare that: <u>Effective immediately,</u> all duty(s) and benefit(s) of "Trustee" and "Beneficiary" as set forth in original Deed of Trust, are hereby reassigned by Quitclaim to Promise Of Life in The Immutable Christ (POLITIC)." (*Id.* at 32.) The document is signed by plaintiff Richard Wayne Fry and attested to by "Daniel-Mark: Gough" a "county notary affirmation, autograph, and seal." The "notarization" provides that

> This document was affirmed, autographed, and sealed within the fifth judicial district of tens. san diego: the county: california: the land; yisra'el nation, on this the seventh hour of the nineteenth day of the second month in the year of five thousand seven hundred sixty-nine this being the present day to the best of my knowledge . . . . With nothing but dry land under foot and in sight, my seal is here and not placed. . . . My commission expires: upon my final breath."

(*Id.*) With this document plaintiffs appear to be contending that they may make unilateral alterations to a contract they previously agreed to. They may not do so.

Whether plaintiffs sincerely believe in their unique and odd point of view or are merely trying to creatively avoid the consequences of their default on their home mortgage loan is not at issue. But plaintiffs cannot state a legal cause of action based upon nonsensical, highly individualized, or skewed concepts that do not reflect the prevailing legal system. Because it is beyond dispute that the allegations found in plaintiffs' complaint are premised on a grossly misconceived notion of how the legal system functions with respect to secured transactions in real property, the Complaint will be dismissed because it neither states any cause of action nor could it.

### B. Federal Causes of Action

Although the entire complaint will be dismissed for the reasons set forth above, the Court also reviews specifically plaintiffs' three federal causes of action listed in their complaint: TILA, RESPA and HOEPA. In addition to plaintiffs' failure to provide facts in support of their federal causes of action, defendants contend all three causes of action must be dismissed as time barred.

The applicable statute of limitations for a claim for damages under TILA is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Because the transaction was consummated in November 2005 and this action was filed on November 25, 2009, the statute of limitations has long expired. Plaintiffs have not provided any allegations in support of equitable tolling and have not filed an opposition to the motion to dismiss. The court therefore has no basis to conclude that there are grounds for equitable tolling for a sufficient period of time to make this action timely.

Because plaintiffs' complaint fails to allege any facts concerning RESPA, it is unclear which provision of RESPA plaintiffs claim has been violation. To the extent plaintiffs intended to allege a section 2607 claim, RESPA provides a one-year statute of limitations, which begins to run on "the date of the occurrence of the violation." 12 U.S.C. § 2614. "The date of the occurrence" is interpreted to refer to the closing. *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003). The loan transaction between plaintiffs and defendants closed in November 2005. Accordingly, if the RESPA claim is based on section 2607, it is barred by the statute of limitations and must be dismissed. The statute of limitations for a RESPA section 2605 violation is three years. 12 U.S.C. § 2614. To the extent plaintiffs sought to allege a violation of section 2605, the statute of limitations also bars this claim.

TILA's one-year statute of limitations set forth in 15 U.S.C. 1640(e) applies to a HOEPA claim. It runs from the date of consummation of the transaction unless plaintiffs show that equitable tolling suspends the limitations period until they discovered or had reasonable opportunity to discover the fraud or nondisclosure that forms the basis of the claim. *King*, 784 F.2d at 915. Again, plaintiffs fails to allege any facts that would support a claim under HOEPA or that equitable tolling is applicable. Accordingly, the HOEPA claim is time barred because plaintiffs fail to allege sufficient facts to support equitable tolling and defendants' motion to

dismiss the HOEPA cause of action is granted.

### C. Plaintiff's Remaining Causes of Action

Having failed to successfully allege a federal claim and with only plaintiffs' state law claims remaining, this Court ceases to have subject matter jurisdiction over the suit. The Court declines to exercise its supplemental jurisdiction over the remaining state causes of action and they are dismissed without prejudice.

### D. Amendment of the Complaint

Rather than oppose defendants' motion to dismiss, plaintiffs seek leave to amend and have provided a proposed first amended complaint. Because plaintiffs continue to rely upon the same legally inadequate premise in their proposed first amended complaint, the motion to amend must be denied.

Although plaintiffs' proposed amended complaint will not be permitted to be filed, the Court must consider whether a motion to dismiss should be granted with leave to further amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Rule 15 advises the court that leave to amend shall be freely given when justice so requires. FED. R. CIV. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Id*. at 1052. Because plaintiffs would not be able to amend the complaint to allege a timely federal cause of action or any legal claim, the dismissal of this case will be with prejudice. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988)(An amendment would be "futile" if there is no set of facts can be proved which would constitute a valid claim or defense.) Accordingly, plaintiffs will not be granted leave to amend their complaint.

/ / /

/ / /

/ / /

/ / /

**E.     Conclusion**

Based on the foregoing, **IT IS ORDERED** granting defendants' motion to dismiss the complaint with prejudice. **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: September 13, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL COUNSEL/PARTIES